**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>TIMOTHY J. SULLIVAN<br>UNITED STATES MAGISTRATE JUDGE | 6500 Cherrywood Lane<br>Greenbelt, Maryland 20770<br>Telephone: (301) 344-3593 |

October 26, 2021

LETTER TO COUNSEL:

      RE:    *Henry G. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
               Civil No. TJS-20-2142

Dear Counsel:

      On July 22, 2020, Plaintiff Henry G. petitioned this Court to review the Social Security Administration's final decision to deny his claim for disability insurance benefits ("DIB") and supplemental security income ("SSI"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 13 & 18. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

      Henry G. protectively filed his applications for DIB and SSI on August 10, 2017. Tr. 16. In his applications, he alleged a disability onset date of February 1, 2010. *Id.* His claims were denied initially and upon reconsideration. *Id.*. Henry G. requested a hearing before an Administrative Law Judge ("ALJ") and a hearing was held on July 18, 2019. *Id.* In a written decision dated August 9, 2019, the ALJ determined that Henry G. was not disabled under the Social Security Act. The Appeals Council denied Henry G.'s request for review, making the ALJ's decision the final, reviewable decision of the agency.

      The ALJ evaluated Henry G.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Henry G. has not engaged in substantial gainful activity since February 1, 2010, the alleged onset date. Tr. 18. At step two, the ALJ found that Henry G. has the following severe impairments: lumbar degenerative disc disease with radiculopathy, left shoulder arthritis, depression, and bi-polar disorder. At step three, the ALJ found that Henry G.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 19-20. The ALJ determined that Henry G. retains the residual functional capacity ("RFC") to:

---

[1] This case was originally assigned to Judge Boardman. On June 30, 2021, it was reassigned to Judge Coulson. On August 31, 2021, it was reassigned to me.

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he cannot be exposed to hazards defined as climbing ropes, ladders, or scaffolds, using dangerous moving machinery or being exposed to unprotected heights. The claimant can frequently balance. He can occasionally climb ramps/stairs, stoop, kneel, crawl, and crouch. He can frequently reach, finger, feel, and handle with left upper extremity. The claimant can occasionally be exposed to vibration. The claimant is limited to simple, routine, and repetitive work, but not at a production pace. The claimant can maintain attention and concentration for periods up to 2 hours, and can repeat this throughout the workday. The claimant can occasionally interact with the general public, coworkers, and supervisors. The claimant can make simple work decisions with up to occasional change in work setting.

Tr. 21.

At step four, the ALJ determined that Henry G. is unable to perform any past relevant work. Tr. 25. At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Henry G. can perform, including shipping/receiving weigher, electronics worker, mail clerk, document preparer, and final assembler. Tr. 26. Accordingly, the ALJ found that Henry G. was not disabled under the Social Security Act. Tr. 26.

Henry G. presents four arguments in this appeal: (1) the ALJ improperly evaluated whether the claimant met Listing 1.04; (2) the ALJ erred by using an undefined term ("production pace") in the hypothetical to the VE and in the RFC determination; (3) the ALJ did not adequately explain how he considered a prior ALJ's decision; and (4) the ALJ erroneously found that Henry G.'s right thumb impairment was not severe. ECF No. 13-1 at 5-7.

After a careful review of the ALJ's opinion and the evidence in the record, I agree with Henry G. that the ALJ's reliance on a hypothetical and an RFC that limited the claimant to performing work not at a "production pace" runs afoul of the Fourth Circuit's decision in *Thomas v. Berryhill*, 916 F.3d 307, 312-13 (4th Cir. 2019) (holding that an ALJ's description of work "requiring a production rate or demand pace" failed to give the court "enough information to understand what those terms mean," making it impossible for the court to consider whether the RFC that incorporated those terms was supported by substantial evidence). I decline to address the claimant's other arguments and express no opinion on the ultimate issue of whether the claimant is disabled under the Social Security Act.

In this case, the ALJ committed the same error as in *Thomas*. The ALJ's hypothetical and RFC determination limited Henry G. to "simple, routine, and repetitive work, but not at a production pace." Tr. 21, 62. The ALJ does not define the term "production pace" and the Court is uncertain what the ALJ meant by this term. This "makes it difficult, if not impossible," for the Court to determine whether the ALJ's decision is supported by substantial evidence. *Thomas*, 916 F.3d at 312 (4th Cir. 2019); *see also Steven S. v. Comm'r, Soc. Sec. Admin.*, No. DLB-19-1055, 2020 WL 1929628, at *3 (D. Md. Apr. 21, 2020) (remanding for further explanation where ALJ's RFC determination precluded claimant from performing "production pace work" because that term

was not defined and distinguishing other cases where similar terms had been defined or sufficiently explained to allow for review).

It is unclear whether the VE and the ALJ had a shared understanding of the meaning of the term "production pace." Importantly, the ALJ did not define the term in connection with his hypothetical to the VE. *See* Tr. 62-63. For this reason, the Court cannot assume that the meaning the ALJ ascribed to the term was understood by the VE. *Id.* at *3 ("The Court cannot decisively say that, had the ALJ defined or explained the term 'production pace work,' the VE would have identified the same, or any, positions that the hypothetical person could perform."); *see also Brenda C. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-3234, 2019 WL 4017024, at *2 (D. Md. Aug. 26, 2019) ("[G]iven the Fourth Circuit's discussion of the phrases 'production rate' or 'demand pace' in *Thomas*, 916 F.3d at 312, this Court cannot adequately say whether the ALJ's inclusion of the phrase 'not at a production pace' in Plaintiff's RFC limitation was harmless."); *Geneva W. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-1812, 2019 WL 3254533, at *3 (D. Md. July 19, 2019) ("[W]hile the VE's testimony does not evince any confusion about the terms of the hypothetical, the Court has an independent duty to determine if the ALJ supported her findings with substantial evidence.").

As Judge Boardman explained under similar circumstances in *Taishika C. v. Saul*, No. DLB-19-1994, 2020 WL 2994487, at *4 (D. Md. June 4, 2020), the Court "cannot determine whether the ALJ's findings were supported by substantial evidence without an explanation of the term[]" "production pace." The ALJ did not define the meaning of the term "production pace," and the term is "not common enough" for the Court to know what it means without elaboration. *Thomas*, 916 F.3d at 312. As such, the Court cannot decisively say that, had the ALJ defined or explained the term "production pace," the VE would have identified the same, or any, positions that the hypothetical person could perform. *Geneva W.*, 2019 WL 3254533, at *3.

The Acting Commissioner argues that this case is unlike *Thomas*. She argues that neither the VE, the claimant, nor the claimant's counsel expressed confusion about the hypothetical to the VE, and that the "common understanding of the phrase" was "evident" and "did not require a separate definition from the ALJ." ECF No. 18-1 at 11. This argument is both inconsistent with the holding of *Thomas* and one that the Court has rejected repeatedly since *Thomas* was handed down. *See, e.g.*, *Geneva W.*, 2019 WL 3254533, at *3. The Acting Commissioner also argues that this case is distinguishable from *Thomas* because the RFC determination not only restricted the claimant to simple, routine, and repetitive work, not performed at a production rate pace, but also to work that only required him to "maintain attention and concentration for periods of up to 2 hours," repeated throughout the workday. ECF No. 18-1 at 12. "Thus," the Acting Commissioner argues, "the ALJ clearly defined what he meant" by "production pace." *Id.* This is preposterous. Even if the ALJ meant the term "production pace" to mean "maintain[ing] attention and concentration for periods of up to 2 hours," a proposition that the Court finds to be implausible, the ALJ never said so. And there is no indication that the VE understood that this definition is what the term "production pace" meant to the ALJ. The error here is the same as in *Thomas*. The Court rejects the Acting Commissioner's arguments to the contrary.

Remand is required so that the ALJ may provide an explanation that complies with *Thomas*. Accordingly, both parties' motions for summary judgment (ECF Nos. 13 & 18) are **DENIED**.

Pursuant to sentence four of 42 U.S.C. § 405(g), the Acting Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case.

        Sincerely yours,

        /s/
        Timothy J. Sullivan
        United States Magistrate Judge